UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHNNIE M. NORFLEET,**

    **Plaintiff,**

v.                                                 Case No.:

**CREDIT ACCEPTANCE CORPORATION,**

                                                   **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT
WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **JOHNNIE M. NORFLEET** ( "Ms. Norfleet" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought as against Defendant, **CREDIT ACCEPTANCE CORPORATION** ( "Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 et. seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 et. seq. ("FCCPA") by frequently calling Ms. Norfleet's cellular telephone in attempts to collect such Debt after Ms. Norfleet revoked consent for Defendant to call her cellular telephone.

*Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

5. Plaintiff, Ms. Norfleet, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Ms. Norfleet is the regular user and subscriber of the cellular telephone number 727-***-7590, and thereby is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii).

7. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of Michigan and its registered agent, CORPORATION SERVICE COMPANY located at 1201 Hays Street, Tallahassee, FL 32301.

## *Statements of Fact*

8. Ms. Norfleet financed an automobile by obtaining an automobile loan from Defendant.

9. Ms. Norfleet thereafter fell behind on her monthly installment payments towards the automobile loan and the automobile was repossessed ("Repossession").

10. In or around July of 2016, Defendant began placing calls to Ms. Norfleet's cellular telephone in attempts to collect the deficiency owed after the Repossession ("Debt").

11. Ms. Norfleet answered one of Defendant's first few calls and demanded that Defendant stop calling her because she could not pay the Debt.

12. In response, Defendant persisted that it would continue calling Ms. Norfleet until the Debt was paid.

13. Defendant also threatened Ms. Norfleet by telling her that the Debt would continue to increase until she makes a payment.

14. Despite her request for Defendant's calls to stop, Defendant continued to call Ms. Norfleet's cellular phone in attempts to collect the Debt.

15. Defendant has called Ms. Norfleet's cellular phone almost daily since October of 2016.

16. Defendant called Ms. Norfleet's cellular phone from multiple telephone numbers, including, but not limited to:

    a. 1-800-634-1506,

    b. 1-517-861-2084, and

    c. 1-586-461-4324.

17. Ms. Norfleet has been harassed by Defendant's calls due to the frequency and timing of each of the calls.

18. Under information and belief, each of the telephone calls that Defendant placed to Ms. Norfleet's cellular telephone number was made by using an automatic telephone dialing system.

19. Under information and belief, Defendant did not place any calls to Ms. Norfleet for emergency purposes.

20. Defendant did not have Ms. Norfleet's express consent to make any of the telephone calls placed to Ms. Norfleet's cellular telephone number.

## Count 1: Violation of the Telephone Consumer Protection Act

21. Ms. Norfleet re-alleges paragraphs 1-20 and incorporates the same herein by reference.

22. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

23. Ms. Norfleet revoked consent to have the Defendant call her cellular phone in or around July of 2016 when she expressly told Defendant to stop calling her and that she could not pay the Debt.

24. Despite this revocation of consent, Defendant thereafter called Ms. Norfleet almost daily for several months.

25. Defendant willfully and knowingly placed non-emergency calls to Ms. Norfleet's cellular telephone without the express consent of Ms. Norfleet.

26. Under information and belief, Debt Collector used an automatic telephone dialing system when it placed all calls to Ms. Norfleet's cellular telephone.

27. Defendant's phone calls harmed Ms. Norfleet by being a nuisance and invading Ms. Norfleet's privacy.

28. Defendant's phone calls harmed Ms. Norfleet by trespassing upon and interfering with Ms. Norfleet's rights and interests in the use of her cellular telephone.

29. Defendant's phone calls harmed Ms. Norfleet by trespassing upon and interfering with Ms. Norfleet's rights and interests in her cellular telephone line.

30. Defendant's phone calls harmed Ms. Norfleet by wasting her time.

31. Defendant's phone calls harmed Ms. Norfleet by causing a risk of personal injury to Ms. Norfleet due to interruption and distraction.

32. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

33. Ms. Norfleet re-alleges paragraphs 1-20 and incorporates the same herein by reference.

34. Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72 (7) by willfully communicating with Ms. Norfleet with such frequency as can reasonably be expected to harass Ms. Norfleet, by causing Ms. Norfleet's cellular telephone to ring continuously.

    b. Defendant violated Fla. Stat. § 559.72 (9) by asserting that Defendant would continue to increase the amount of the Debt should Ms. Norfleet be unable to pay it.

35. As a result of the above violations of the FCCPA, Ms. Norfleet has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

36. Defendant's phone calls harmed Ms. Norfleet by being a nuisance and invading Ms. Norfleet's privacy.

37. Defendant's phone calls harmed Ms. Norfleet by trespassing upon and interfering with Ms. Norfleet's rights and interests in the use of her cellular telephone.

38. Defendant's phone calls harmed Ms. Norfleet by trespassing upon and interfering with Ms. Norfleet's rights and interests in her cellular telephone line.

39. Defendant's phone calls harmed Ms. Norfleet by wasting her time.

40. Defendant's phone calls harmed Ms. Norfleet by causing a risk of personal injury to Ms. Norfleet due to interruption and distraction.

41. It has been necessary for Ms. Norfleet to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

42. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **JOHNNIE M. NORFLEET**, demands a trial by jury on all issues so triable.

Respectfully submitted this **January 17, 2017.**

>*/s/  Michael A. Ziegler*
>Michael A. Ziegler, Esq.
>Trial Counsel for Plaintiff
>FBN:  74864
>Law Office of Michael A. Ziegler, P.L.
>13575 58th Street North, Suite 129
>Clearwater, FL 33760
>(p)  (727) 538-4188
>(f)  (727) 362-4778
>mike@zieglerlawoffice.com
>Attorney for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Norfleet v. Credit Acceptance Corporation*
Page **7** of **7**